**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| CHARLES JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 4:19-CV-01413-KOB |
| VERIZON CMP HOLDINGS, LLC, HUFFPOST.COM, INC., and ANDY CAMPBELL, | ) ) **JURY DEMANDED** ) |
| Defendants. | ) ) |

_____

**PLAINTIFF'S ORIGINAL COMPLAINT**
_____

COMES NOW, CHARLES JOHNSON ("*Johnson*") and hereby asserts his Original Complaint against Defendants VERIZON CMP HOLDINGS, LLC ("*Verizon Media*"), HUFFPOST.COM, INC. ("*Huffpost*"), and ANDY CAMPBELL ("*Campbell*" and, together with Verizon Media and Huffpost, the *"Defendants"*) and would respectfully show the Court as follows:

## I. PARTIES

1. Plaintiff Johnson is a natural person and is domiciled in Montgomery County, Texas. He may be served through the undersigned counsel of record.

2. Defendant Verizon Media is a Delaware limited liability company. It is wholly owned by Verizon Communications, Inc., which is a Delaware corporation with its principal place of business in New York. It may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

3. Defendant Huffpost is a Delaware corporation with its principal place of business located at 770 Broadway, New York, New York. It may be served with process through the Texas Secretary of State at that address.

4. Defendant Campbell is a natural person and is domiciled in New York. He may be served with process at his place of employment at 770 Broadway, New York, New York through the Texas Secretary of State.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties and the amount in controversy exceeds $75,000.00 for all claims pleaded by Plaintiff.

6. This Court has personal jurisdiction over the Defendants because, at the time the Article was published and the causes of action herein accrued, Johnson resided in Texas and the tort complained of herein was committed in whole or in part in Texas. Moreover, Defendant Verizon Media is subject to the general jurisdiction of Texas courts because it has systematic and continuing contacts with Texas because it maintains offices in Texas and transactions substantial business in Texas. Finally, Defendant Huffpost is subject to the general jurisdiction of Texas courts because it has systematic and continuing contacts with Texas by procuring subscriptions to its publication in Texas and delivering said subscriptions in Texas.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events giving rise to the causes of action occurred in this District and the Defendants are subject to the Court's personal jurisdiction in this District.

## III.   FACTS

1. The framers of the Constitution wanted to ensure that the First Amendment would protect a free press so that no state action could ever inhibit or limit the free dissemination of information to the people of the Republic for which the Constitution stands.  It is a noble ambition that is distinctively American and sets the standard for the rest of the world.

2. But the First Amendment does not just protect a free press – it also protects the freedom of speech of every American, whether or not they have access to the power of the mainstream media to trumpet their views.  Ironically, however, state action is not the greatest contemporary threat to free speech.  It is rather the "free press".

3. This is because publicly stating a fact or giving an opinion must be self-censored to ensure that one does not risk being labeled by the press with a loathsome term that brings with it stigma and ostracization that could result in losing a career, public scorn and humiliation, and even the risk of physical harm.  Once these labels are given—in this digital age—they are permanent and scar a reputation for indefinite duration with a simple internet search.

4. For many years, there were few of these loathsome labels that Americans dreaded more than "racist".  However, new terms have arisen that carry an equally chilling effect on free speech and equally devastating assault on one's reputation.

5. The terms "white nationalist", "holocaust denier", and "white supremacist" are the new buzz terms used to describe a myriad of person on the political right who may have views that diverge from mainstream politics.  While there are some who truly espouse view of a "whites only" nation, view whites as superior, or who truly deny that atrocities were committed against Jewish people during the Second World War, these terms are often misapplied to persons who not only reject such views but, in fact, abhor those beliefs.

6. Plaintiff Charles Johnson is one such person. Johnson is undeniably involved with conservative political causes. He absolutely believes that there was a systematic campaign to commit atrocities against Jewish people during the Second World War. He absolutely does not believe that America should be a nation only for white people. Nor does he believe that white people are "superior" to other races of human beings. In fact, he has a child who is non-white.

7. Nevertheless, on February 17, 2019, the notoriously left-leaning *The Huffington Post* ran a hit job on Johnson, with a headline that read "2 GOP Lawmakers Host Chuck Johnson, Holocaust-Denying White Nationalist" (the "*Article*"). *See* https://www.huffpost.com/entry/gop-reps-host-chuck-johnson-holocaust-denying-white-nationalist_n_5c40944be4b0a8dbe16e670a.

8. The Article went on to suggest that Johnson was a white supremacist and claimed that Johnson was "widely known" as a white nationalist. It also suggested that Johnson was anti-Semitic.

9. The Article was authored by Campbell and published by Campbell, Verizon Media, and Huffpost.

10. As a result of these false statements of fact of and concerning Johnson, his reputation has been damaged and he has suffered actual damages and reputational injury in excess of $1,000,000.00.

### IV. CAUSES OF ACTION

#### COUNT I

#### Libel

11. Plaintiff realleges all of the preceding allegations as if fully stated herein.

12. Defendants published false statements of fact of and concerning Plaintiff. Defendants acted with negligence as well as actual malice and/or reckless disregard for the truth

the false statements of fact. Alternatively, Defendants are strictly liable for the defamatory Article. The false statements of fact were defamatory of Plaintiff and caused reputational injury. The false statements also caused Plaintiff actual damages and mental anguish.

13. Plaintiff further seeks exemplary damages because Defendants' actions were committed with actual malice and/or reckless disregard for the truth.

14. All conditions precedent to Plaintiff's ability to maintain this suit have occurred.

## V. JURY DEMAND

Plaintiff demands a trial by jury.

## VI. PRAYER FOR RELIEF

Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CAMARA & SIBLEY LLP

/s/ Joseph D. Sibley
Joseph D. Sibley
State Bar No. 24047203
sibley@camarasibley.com
Camara & Sibley LLP
4400 Post Oak Pkwy.
Suite 2700
Houston, Texas 77027
Telephone: (713) 966-6789
Fax: (713) 583-1131

**ATTORNEYS FOR PLAINTIFF**