# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Charles Johnson, § § | |
| Plaintiff, § § | |
| v. § § | CIVIL ACTION NO. 4:20-cv-00179 |
| TheHuffingtonPost.com, Inc., § § | |
| Defendant. § § § | |

## DEFENDANT THEHUFFINGTONPOST.COM, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2)

## TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF THE ARGUMENT ....................................... 1

II. FACTS .................................................................................................................................. 2

III. ARGUMENT AND AUTHORITIES ............................................................................... 3

    A. Legal Standard ................................................................................................ 4

    B. No General Jurisdiction Exists Over HuffPost in Texas ........................................ 4

    C. No Specific Jurisdiction Exists Over HuffPost in Texas ........................................ 7

IV. CONCLUSION………………………………………………………………………..10

## TABLE OF AUTHORITIES

Page(s)

CASES

*Aviles v. Kunkle*,
     978 F.2d 201 (5th Cir. 1992) ............................................................................................ 4

*Burger King Corp. v. Rudzewicz*,
     471 U.S. 462 (1985) ...................................................................................................... 4, 7

*Busch v. Viacom International, Inc.*,
     477 F. Supp. 2d 764 (N.D. Tex. 2007) ......................................................................... 8, 9

*Calder v. Jones*,
     465 U.S. 783 (1984) ........................................................................................................... 8

*Clemens v. McNamee*,
     615 F.3d 374 (5th Cir. 2010) ................................................................. 1, 4, 7, 8, 9, 10

*Daimler AG v. Bauman*,
     571 U.S. 117 (2014) ........................................................................................................ 5, 6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
     564 U.S. 915 (2011) ........................................................................................................... 4

*Hanson v. Denckla*,
     357 U.S. 235 (1958) ........................................................................................................... 3

*Head v. Las Vegas Sands, LLC*,
     298 F. Supp. 3d 963 (S.D. Tex. 2018) ............................................................................ 4

*Helicopteros Nacionales de Columbia v. Hall*,
     466 U.S. 408 (1984) .............................................................................................. 4, 5, 6, 7

*Herman v. Cataphora*,
     730 F.3d 460 (5th Cir. 2013) ....................................................................................... 9, 10

*International Shoe Co. v. Washington*,
     326 U.S. 310 (1945) ........................................................................................................... 4

*Orhii v. Omoyele*,
     No. 4:08-CV-3557, 2009 WL 926993 (S.D. Tex. Mar. 31, 2009) ................................ 9

*Revell v. Lidov*,
     317 F.3d 467 (5th Cir. 2002) ....................................................................... 1, 5, 6, 8, 9

*Wakefield v. British Med. Jrnl. Publ'g Grp., Ltd.*,
     449 S.W.3d 172 (Tex. App.—Austin 2014, no pet.) ..................................................... 10

*Wilson v. Belin*,
     20 F.3d 644 (5th Cir. 1994) .............................................................................................. 4

iii

## FEDERAL RULES

Federal Rule of Civil Procedure 12(b)(2) ..................................................................................1, 3
Federal Rule of Civil Procedure 12(b)(6) .......................................................................................3

Defendant TheHuffingtonPost.com, Inc. ("HuffPost") hereby moves to dismiss Plaintiff Charles Johnson's First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(2).

## I.  INTRODUCTION AND SUMMARY OF THE ARGUMENT

HuffPost is not subject to either general or specific personal jurisdiction in this action. HuffPost is not a resident of Texas.  Even if Plaintiff's non-conclusory allegations are taken as true, they are still insufficient to subject HuffPost to general jurisdiction in Texas.  Nor could HuffPost be subjected to specific jurisdiction in this action.  Plaintiff's defamation claim is based on an article HuffPost published about a meeting that took place in Washington, D.C. (the "Article") between Plaintiff and members of Congress from Maryland and from Tennessee. Texas is not the focal point of the Article.  Indeed, Texas is not even mentioned in it.  The Article did not target Texas specifically, nor was Texas its primary audience.  HuffPost did not contact or rely on sources in Texas in preparing the Article.  Moreover, the author of the Article was unaware that Plaintiff resided in Texas at the time the Article was published.

The Fifth Circuit has repeatedly held that, in such a scenario, an allegedly defamatory statement about a Texas resident cannot give rise to specific personal jurisdiction in this state. *See, e.g.*, *Revell v. Lidov*, 317 F.3d 467, 476 (5th Cir. 2002) (no personal jurisdiction over out-of-state publisher in libel case over article about the Washington, D.C.-based activities of a Texas resident).  This doctrine applies even where the defendant knew or should have known that the plaintiff lived in Texas and would feel the brunt of the alleged injury in this State.  *See Clemens v. McNamee*, 615 F.3d 374, 376 (5th Cir. 2010) (dismissing for lack of personal jurisdiction where article at issue discussed activities in New York and Canada, and the attempted jurisdictional nexus to Texas was the plaintiff's allegation that the harm was felt in the state).

1

Based on this binding Fifth Circuit precedent, even if Plaintiff's non-conclusory allegations are taken as true, the exercise of personal jurisdiction over HuffPost would violate due process. This Court should dismiss Plaintiff's FAC.

## II.     FACTS

The Article reported on a controversial meeting that took place on January 15, 2019, in Washington, D.C., between Plaintiff and U.S. Representatives Andy Harris of Maryland and Phil Roe of Tennessee. FAC ¶¶ 7-8 (Doc. 1); Declaration of Andy Campbell ("Campbell Decl."), Ex. 1. The FAC links to the Article, which reports that the January 15, 2019 meeting took place to discuss "DNA sequencing" and that Plaintiff, Rep. Harris, and Rep. Roe were seen together at the United States Capitol Building in Washington, D.C, as reflected in a photo included with the Article. *See id.* ¶ 7. The Article makes no mention of Plaintiff's Texas residence, nor does it reference any events taking place in Texas or have any other substantive connection to Texas. *See generally id.*

The FAC alleges that HuffPost is a Delaware corporation with its principal place of business in New York. *Id.* ¶ 2. Plaintiff alleges that he resided in Texas at the time of the events giving rise to his claims and, without any supporting factual allegations, makes a conclusory allegation that "a substantial part of the events giving rise to the causes of action occurred in [Texas]." *Id.* ¶ 5. The FAC also makes unsupported assertions that HuffPost offers services and merchandise to Texas consumers through its website, and that it has contracts with subscribers and advertisers in Texas. *Id.* ¶ 4. Even if Plaintiff's allegation were an accurate description of HuffPost's activities, which HuffPost does not concede, these allegations are insufficient to meet the minimum contacts requirement for the exercise of personal jurisdiction. HuffPost will treat these allegations as true for purposes of this motion, but it does not concede Plaintiff's allegations regarding HuffPost's contacts with Texas.

HuffPost is not, and has never been, domiciled in Texas. *See* Declaration of Victor Brand ("Brand Decl.") ¶¶ 2-3. HuffPost does not maintain an office in Texas, does not own property in Texas, and does not have any Texas employees. *Id.* Relevant to this case, HuffPost did not directly distribute the Article at issue to any Texas addresses. *Id.* ¶ 4. Rather, the Article was posted to HuffPost's publicly-available website, which is accessible anywhere in the world, without a subscription. *Id.* The Article did not attract a disproportionate number of Texas readers; only about 8% of the page views for the Article are from Texas visitors to HuffPost's website. *Id.* ¶ 5.

The author of the Article also made no contact with Texas in researching or reporting for it. Campbell Decl. ¶ 6. The author did not visit Texas, make any phone calls to Texas residents, or conduct any interviews or research in Texas in connection with the Article. *Id.* At the time of the Article's publication, the author was unaware of Plaintiff's Texas domicile. *Id.* ¶ 7.

HuffPost, along with then defendant Andy Campbell, moved to dismiss Plaintiff's original complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). *See* ECF Nos. 19, 20. Plaintiff filed his FAC, dismissing the author of the Article—Andy Campbell—as a defendant. In light of the amended complaint, HuffPost withdrew its original motions to dismiss (*see* ECF Nos. 25, 27, 29). HuffPost now moves to dismiss Plaintiff's FAC.

## III. ARGUMENT AND AUTHORITIES

HuffPost is domiciled in Delaware and New York, as alleged in Plaintiff's FAC. FAC ¶ 2. Because HuffPost is an out-of-state Defendant, no personal jurisdiction exists over it unless Plaintiff can show that HuffPost purposefully availed itself of the privilege of conducting activities within the forum state and thus invoked the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

### A.     Legal Standard

Where, as here, a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden to prove the existence of personal jurisdiction over the defendant.  *Wilson v. Belin*, 20 F.3d 644, 649 (5th Cir. 1994); *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 969 (S.D. Tex. 2018).  Plaintiff cannot show that HuffPost has the requisite "minimum contacts" with Texas necessary to exercise personal jurisdiction without "offend[ing] traditional notions of fair play and substantial justice[,]" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), and therefore cannot carry his burden.

In deciding whether a plaintiff has shown that a court can exercise personal jurisdiction over a defendant, the court will determine whether either general jurisdiction or specific jurisdiction exists.  *Las Vegas Sands*, 298 F. Supp. 3d at 970.  General jurisdiction requires the plaintiff to show that the defendant has "continuous and systematic" contacts with the forum state.  *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408 (1984); *Wilson*, 20 F.3d at 647.  Specific jurisdiction requires that a plaintiff show the defendant has "purposefully directed" its activities relevant to the lawsuit at the forum state and the litigation must result from alleged injuries that "arise out of or relate to" the defendant's activities *directed at* the forum.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992).  In a defamation case, courts will not find specific jurisdiction where the challenged statements "lack any connection with the forum state." *Clemens*, 615 F.3d at 376.  An allegation that the plaintiff's harm was suffered in the forum state will not suffice to show such a connection.  *Id.*

### B.     No General Jurisdiction Exists Over HuffPost in Texas.

To support a finding of general jurisdiction, a defendant must have *substantial contacts* with the forum state, such that it can be fairly regarded as "at home" in that state.  *Goodyear*

4

*Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see also Revell*, 317 F.3d at 469 ("substantial, continuous and systematic contacts [are] required for a finding of general jurisdiction"). The United States Supreme Court has held that only in an "exceptional" case would a corporation be properly regarded as "at home" in a state other than its place of incorporation or principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014). Even taking Plaintiff's non-conclusory allegations as true for the purposes of this Motion, HuffPost does not meet this "exceptional" level of contact with Texas and cannot be subject to general jurisdiction in Texas.

Courts narrowly construe what it means to be "at home" in a state. In *Helicopteros*, 466 U.S. at 416, the United States Supreme Court held that the defendant was not subject to general jurisdiction in Texas where it sent its CEO to Texas to negotiate a contract, accepted checks into its bank account from a Texas-based bank, spent "substantial sums" in Texas purchasing helicopters, equipment, and training services, and sent personnel to Texas for training. The Supreme Court also held that the circuit court erred in exercising personal jurisdiction over the defendant in *Daimler*, 571 U.S. at 136, despite "multiple . . . facilities" in the forum state, California. And even though the defendant's subsidiary was the largest supplier of luxury vehicles to the California market, the defendant was still not "essentially at home" there. *Id.* at 139. The Supreme Court has thus confirmed that a high number of contacts with a forum state alone cannot suffice to confer general jurisdiction over a defendant. *See id.* Rather, the defendant's contacts with a forum state must be on par with those of its domicile, or its *principal* place of business—not just a place of significant business. *Id.*

HuffPost's alleged Texas-based activities are nowhere close to the activities of the defendants not subject to general jurisdiction in *Helicopteros* and *Daimler*. Even taking

5

Plaintiff's allegations as true for purposes of this motion, the FAC only claims that HuffPost derives *some* unspecified revenue from Texas-based subscribers and advertisers, and that HuffPost sells merchandise and services to Texas consumers. FAC ¶ 4. These alleged activities do not come close to meeting the high standard of being "at home" in Texas. Additionally, the fact that HuffPost's website is accessible in Texas does not support the exercise of general jurisdiction. *See Revell*, 317 F.3d at 471 (dismissing defamation case for lack of personal jurisdiction and explaining that while "the maintenance of a website is, in a sense, a continuous presence everywhere in the world," this kind of contact "is not in any way 'substantial'").

Plaintiff's allegations of HuffPost's contacts with Texas—even if taken as true—are far too limited for the exercise of general jurisdiction to ever be appropriate. For example, the defendant in *Helicopteros* physically sent personnel to Texas, spent millions of dollars in Texas related to their businesses, and contracted with Texas-based companies. In *Daimler*, the defendant's subsidiary was the largest supplier of a class of goods to the forum state and had multiple facilities there, and it still was not subject to general jurisdiction. *See* 571 U.S. at 139. Here, Plaintiff does not even come close to alleging the types of contacts that were deemed insufficient to confer general jurisdiction in *Helicopteros* and *Daimler*; Plaintiff simply alleges that HuffPost derives *some* revenue from Texas and sells goods and services in Texas. FAC ¶ 4.

Moreover, HuffPost maintains no offices in Texas and cannot reasonably expect to be haled into court in the state. *See* Brand Decl. ¶¶ 2-3. As Plaintiff alleges, HuffPost is incorporated in Delaware and has its principal place of business in New York. FAC ¶ 2. Unlike *Daimler*, where the defendant maintained facilities in the forum state, here, HuffPost has none. *See* 571 U.S. at 139; Brand Decl. ¶¶ 2-3. HuffPost is also not the lead importer of a class of goods to Texas, the way the defendant in *Daimler* was to the forum state. 571 U.S. at 139;

6

Brand Decl. ¶ 3. And, differently from *Helicopteros*, where the defendant invested heavily in Texas and sent personnel to Texas, HuffPost does not regularly send employees to Texas and has not procured equipment and training in Texas. *See* Brand Decl. ¶ 3.

Even accepting Plaintiff's non-conclusory allegations as true, they are plainly insufficient to subject HuffPost to general jurisdiction in Texas, and, as such, general jurisdiction cannot serve as the basis for the exercise of personal jurisdiction. And no amount of jurisdictional discovery would cure Plaintiff's inability to confer general jurisdiction against HuffPost. Thus, the Court should resist any attempt by Plaintiff to seek unnecessary jurisdictional discovery to forestall the inevitable outcome.

        **C.**       **No Specific Jurisdiction Exists Over HuffPost in Texas.**

HuffPost also did not "purposefully direct" its activities relevant to the lawsuit to Texas by researching, writing, or publishing the Article giving rise to Plaintiff's claims. *Burger King Corp.*, 471 U.S. at 472. Therefore, HuffPost cannot be subject to specific jurisdiction in Texas.

The Fifth Circuit definitively foreclosed the exercise of personal jurisdiction based on a libel plaintiff's residence in *Clemens*, where the "content and context" of the allegedly defamatory statements "lack[ed] any connection with the forum state." 615 F.3d at 376. The statements at issue in *Clemens* claimed that a professional baseball player had used performance-enhancing drugs in New York and Toronto. *Id.* at 377. The plaintiff's attempt to point to the harm he suffered in Texas as a jurisdictional nexus failed. *Id.* at 380. The court explained that the plaintiff "has not made a prima facie showing that [defendant] made statements in which Texas was the focal point: the statements did not concern activity in Texas; nor were they made in Texas or directed to Texas residents any more than residents of any state." *Id.*

Here, Plaintiff attempts to establish specific jurisdiction by alleging, with only conclusory support, that "a substantial part of the events giving rise to the causes of action occurred in

7

[Texas]." FAC ¶ 5. Plaintiff bases this contention solely on the fact that he is a Texas resident. *See id.* But Plaintiff's allegations here carry no weight, as binding Fifth Circuit precedent like *Clemens* rejects the argument that a plaintiff's residence in the forum state provides a basis for the exercise of specific jurisdiction.

Other case law on point supports this view. In *Revell*, the Fifth Circuit found insufficient minimum contacts with Texas where an out-of-state college professor published an online article about a government official based in Texas. 317 F.3d at 469. The professor was "apparently unaware that [the defendant] then resided in Texas," and the focal point of his story was not based around Texas but instead discussed the terrorist bombing of a Pan Am flight which exploded over Scotland. *Id. Revell* distinguished *Calder v. Jones*, 465 U.S. 783 (1984), where the Supreme Court found specific jurisdiction. *Revell* noted that the exercise of jurisdiction by a California court in *Calder* was appropriate because the material at issue contained descriptions of the California activities of the plaintiff, consulted California sources, and found its largest audience in California. *Id.* at 473. Conversely, the *Revell* article did not use Texas sources, focus on Texas activities, or find its largest audience in Texas. *Id.* The author was not even aware that the plaintiff lived in Texas at the time of publication. *Id.* at 469.

Like the defendant in *Revell*, the broadcaster in *Busch v. Viacom International, Inc.*, did not know that the plaintiff lived in Texas at the time the allegedly defamatory broadcast aired. 477 F. Supp. 2d 764, 772-773 (N.D. Tex. 2007). Based on this fact and the lack of a Texas focal point in the challenged broadcast, the court in *Busch* "ha[d] been presented with no facts from which it could conclude that [defendant] aimed his conduct at Texas with regard to the challenged broadcast." The fact that the plaintiff happened to live in Texas—unbeknownst to the broadcaster—was insufficient to establish personal jurisdiction. *Id.*

8

Similarly, the Southern District of Texas refused to exercise personal jurisdiction over the defendant in *Orhii v. Omoyele*, where the article at issue only incidentally referred to the plaintiff's residence and work in Texas. No. 4:08-CV-3557, 2009 WL 926993, at *4 (S.D. Tex. Mar. 31, 2009). The larger focus of the story was about Nigeria and its public officials, and accordingly the plaintiff failed to show that the focal point of the article was Texas. *Id.*

In *Herman v. Cataphora*, the Fifth Circuit held that merely making an article accessible online in the forum is insufficient to give rise to specific jurisdiction based on that article. 730 F.3d 460, 465 (5th Cir. 2013). The court clarified that "[e]ven if the majority of the claimed harm is felt in the forum state, this court has declined to find personal jurisdiction when the statements focus on activities and events outside the forum state." *Id.* Therefore, a plaintiff's Texas residence alone cannot create personal jurisdiction over a defendant whose statements at issue did not have Texas as the focal point.

Plaintiff's allegations here line up precisely with those that were rejected in *Clemens*, *Revell*, *Busch*, *Orhii*, and *Herman*. As in *Revell* and *Busch*, here, the author of the Article was not even aware that Plaintiff was a Texas resident at the time of writing and publishing the Article. *See Revell*, 317 F.3d at 469; *Busch*, 477 F. Supp. 2d at 772-773; Campbell Decl. ¶ 7. The focus of the Article is on a meeting Plaintiff attended with elected representatives in Washington, D.C. Campbell Decl. ¶ 5; Ex. 1. Likewise, in *Orhii*, the focus of the story at issue was Nigerian public officials, despite the plaintiff residing in Texas, and the article there at least incidentally referenced the plaintiff's residence and work in Texas. 2009 WL 926993, at *4. Here, on the other hand, the Article did not reference Plaintiff's residence or work in Texas at all. Ex. 1. And in *Clemens*, the activities referenced in the allegedly defamatory statements took place in New York and Toronto. 615 F.3d at 377. The Article does not mention Texas or the

9

fact that Plaintiff resides in the state; did not consult any Texas sources; and does not make Texas its focal point. Campbell Decl. ¶¶ 5-6; Ex. 1; *see Clemens*, 615 F.3d at 380 (requiring the plaintiff seeking to assert specific personal jurisdiction over a defendant in a defamation case to show "(1) the subject matter of and (2) the sources relied upon for the article were in the forum state" (citations omitted)); *Wakefield v. British Med. Jrnl. Publ'g Grp., Ltd.*, 449 S.W.3d 172, 187 (Tex. App.—Austin 2014, no pet.) (online availability of website article insufficient to support specific jurisdiction over nonresident reporter and publisher in defamation case). The fact that readers can access the Article in Texas is of no consequence. As the court held in *Herman*, an online article's virtual presence in the forum state is insufficient for the exercise of personal jurisdiction even when coupled with the allegation that plaintiff's harm is felt in that state. 730 F.3d at 465. Plaintiff's conclusory allegation here that he is a Texas resident and that "a substantial part of the events giving rise to the causes of action [therefore] occurred in [Texas]" does not meet his burden of showing the existence of specific personal jurisdiction over HuffPost. *See* FAC ¶¶ 1, 5. This is just like the plaintiffs' allegations in *Clemens*, 615 F.3d at 380, and *Herman*, 730 F.3d at 465, that the alleged harm was felt in Texas even though the focus of the allegedly defamatory statements was not Texas. The courts in *Clemens* and *Herman* rejected this argued jurisdictional nexus and dismissed the complaints for lack of personal jurisdiction. Based on Plaintiff's allegations, the Court should do the same here.

## IV.    CONCLUSION

For these reasons, Plaintiff has failed to show that this Court can exercise personal jurisdiction over HuffPost. HuffPost respectfully request that the Court dismiss Plaintiff's FAC for lack of personal jurisdiction, and because there are no plausible allegations on which Plaintiff could make the required showing for the exercise of personal jurisdiction, the dismissal should be with prejudice and without further leave to amend.

DATED: April 23, 2020 Respectfully submitted,

/s/ *Jean-Paul Jassy*
Jean-Paul Jassy (Admitted *Pro Hac Vice*)
William T. Um (Admitted *Pro Hac Vice*)
Elizabeth Baldridge (Admitted *Pro Hac Vice*)
JASSY VICK CAROLAN LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
jpjassy@jassyvick.com
wum@jassyvick.com
ebaldridge@jassyvick.com

Patrick W. Mizell
ATTORNEY IN CHARGE
Texas Bar No. 14233980
Federal ID No. 36390
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Telephone: (713) 758.3882
Facsimile: (713) 615.5493
pmizell@velaw.com

Marc A. Fuller
Texas Bar No. 24032210
Federal ID No. 2035080
Megan M. Coker
Texas Bar No. 24087323
Federal ID No. 178550
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Telephone: (214) 220-7700
mfuller@velaw.com
megancoker@velaw.com

*Attorneys for Defendant TheHuffingtonPost.com, Inc.*

11

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 23, 2020, copy of the above and foregoing has been filed electronically with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                      */s/ Elizabeth Baldridge*
                                      Elizabeth Baldridge