UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Charles Johnson, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-cv-00179 |
| TheHuffingtonPost.com, Inc., | § § § | |
| Defendant. | § § § § | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT THEHUFFINGTONPOST.COM, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant TheHuffingtonPost.com, Inc. ("HuffPost") respectfully submits this notice of supplemental authority in support of its pending motion to dismiss Plaintiff Charles Johnson's First Amended Complaint for lack of personal jurisdiction (Doc. # 32).

HuffPost previously notified the Court that on July 16, 2020, Magistrate Judge Kimberly Priest Johnson entered an order recommending the dismissal of defamation claims against Vox Media, Inc. ("Vox") and several other media defendants in *Edward Butowsky v. Michael Gottlieb et al*, Case No. 4:19-CV-00180-ALM-KPJ in the United States District Court for the Eastern District of Texas. (Doc. # 41). The Plaintiff in *Butowsky v. Gottlieb* filed objections to the Magistrate Judge's recommended dismissal of Vox, which the district court considered and rejected. On September 28, 2020, District Court Judge Amos L. Mazzant, III, adopted the report and recommendation of the Magistrate Judge as the findings and conclusions of the Court. A copy of the Court's order is attached as Exhibit A.

The district court's decision undermines Plaintiff's attempt to distinguish the jurisdictional issues in *Butowsky*.  In responding to HuffPost's prior notice of supplemental authority, Plaintiff conceded that, like the *Butowsky* court, this Court cannot exercise personal jurisdiction based merely on the online accessibility of the article at issue.  Doc. # 42 at 2.  Plaintiff also conceded that the HuffPost article was not focused on Texas or based on sources from Texas—just like the Vox articles were not targeted at Texas.  *Id.*  Under the court's analysis in *Butowsky*, which follows two decades of Fifth Circuit precedent, these concessions are fatal to the plaintiff's jurisdictional argument.  Ex. A at 4 ("Plaintiff has failed to provide the Court with a single case in which an online publication supported a finding of specific jurisdiction when the published article at issue is not targeted at the forum state.").

Instead, Plaintiff argued that HuffPost is subject to personal jurisdiction in Texas because it engaged in other conduct directed at Texas, such as solicitation of subscriptions and advertising.  *Id.*  This argument fails for the same reasons that Butowsky's reliance on Vox's Texas office and Texas-based workforce failed: *those contacts do not give rise to the plaintiff's claims.*  Ex. A at 7.  Indeed, the Fifth Circuit has long rejected plaintiffs' reliance on parts of a defendant's website that do not give rise to the plaintiffs' defamation claim.  *See Revell v. Lidov*, 317 F.3d 467, 472 (5th Cir. 2002) (finding no personal jurisdiction where a website allowed subscriptions, advertising, and submission of applications online within the forum state, but where the plaintiff's defamation claim challenged the reporting of a specific online post).  Plaintiff's arguments regarding HuffPost's ancillary Texas-related activities, such as subscriptions and advertising, are inapposite under *Revell* as to the personal jurisdiction analysis.  Accordingly, they cannot support the exercise of specific jurisdiction or Plaintiff's request for jurisdictional discovery.

For these reasons and those discussed in HuffPost's motion (Doc. # 32), reply (Doc. # 38)

and previous notice of supplemental authority (Doc. # 41), HuffPost respectfully requests that the Court dismiss Plaintiff's First Amended Complaint for lack of personal jurisdiction without further leave to amend.

DATED: September 30, 2020  Respectfully submitted,

/s/ *Jean-Paul Jassy*
Jean-Paul Jassy (Admitted *Pro Hac Vice*)
William T. Um (Admitted *Pro Hac Vice*)
Elizabeth Baldridge (Admitted *Pro Hac Vice*)
JASSY VICK CAROLAN LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
jpjassy@jassyvick.com
wum@jassyvick.com
ebaldridge@jassyvick.com

Patrick W. Mizell
ATTORNEY IN CHARGE
Texas Bar No. 14233980
Federal ID No. 36390
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Telephone: (713) 758.3882
Facsimile: (713) 615.5493
pmizell@velaw.com

Marc A. Fuller
Texas Bar No. 24032210
Federal ID No. 2035080
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Telephone: (214) 220-7700
mfuller@velaw.com
*Attorneys for Defendant TheHuffingtonPost.com, Inc.*

# EXHIBIT A

# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| EDWARD BUTOWSKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:19-CV-180 |
| MICHAEL GOTTLIEB, *et al.*, | § | JUDGE MAZZANT/JUDGE JOHNSON |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 16, 2020, the Magistrate Judge entered proposed findings of fact and recommendations (the "Report") (Dkt. #253) that Defendants Anderson Cooper, Gary Tuchman, Kayvon Oliver Darcy, and Tom Kludt's (collectively, "CNN Individual Defendants") Motion to Dismiss Plaintiff's Third Amended Complaint for Lack of Personal Jurisdiction (Dkt. #220) and Defendants Vox Media, Inc. and Jane Coaston's (together, "Vox Defendants") Motion to Dismiss Third Amended Complaint for Lack of Personal Jurisdiction (Dkt. #221) be granted.

On July 30, 2020, Plaintiff Edward Butowsky ("Plaintiff") filed objections to the Report (the "Objections") (Dkt. #255), and CNN Individual Defendants and Vox Defendants both filed responses to the Objections. *See* (Dkts. #264, 265). The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Objections are without merit as to the ultimate findings of the Magistrate Judge.

The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I. BACKGROUND

This suit arises out of press coverage regarding lawsuits involving Plaintiff and others in New York and Washington, D.C. *See* (Dkt. #207). Plaintiff filed this suit on March 12, 2019, asserting causes of action for defamation, business disparagement, and civil conspiracy. *See* (Dkt. #207). CNN Individual Defendants and Vox Defendants each filed motions to dismiss on the basis of lack of personal jurisdiction (together, the "Motions to Dismiss"). *See* (Dkts. #220, 221).

Plaintiff is a resident of Texas. *See* (Dkt. #207 at p. 4). None of the CNN Individual Defendants are citizens of Texas, as Anderson Cooper ("Cooper"), Kayvon Oliver Darcy ("Darcy"), and Tom Kludt ("Kludt") are all citizens of New York, and Gary Tuchman ("Tuchman") is a citizen of Georgia. *See* (Dkt. #207 at pp. 5–6). Vox Defendants are also not citizens of Texas; Vox Media, Inc. ("Vox") is headquartered in New York, and Jane Coaston ("Coaston") is a citizen of Washington, D.C. *See* (Dkt. #207 at p. 6).

In the Report, the Magistrate Judge found the Court lacked personal jurisdiction over CNN Individual Defendants and Vox Defendants, and the Magistrate Judge recommended CNN Individual Defendants' and Vox Defendants' Motions to Dismiss be granted. *See* (Dkt. #253).

## II. DISCUSSION

Plaintiff does not object to the Magistrate Judge's finding that the Court lacks personal jurisdiction over CNN Individual Defendants Darcy, Kludt, Tuchman and Vox Defendant Coaston. *See* (Dkt. #255).

As to Cooper and Vox, Plaintiff does not object to the Magistrate Judge's finding that the Court lacks general jurisdiction. Plaintiff also does not object to the Magistrate Judge's finding

2

that the Court lacks specific jurisdiction over Cooper and Vox under the Fifth Circuit's "subject and sources" test. Plaintiff's limited objections assert the Court has specific jurisdiction over Vox because it has "adequate circulation" and an office with nineteen employees in Texas, and jurisdiction over Cooper because Cooper should be treated as operating a broadcasting business that broadcasts in Texas, as opposed to "a run-of-the-mill reporter or employee of a media company" (Dkt. 255 at 2).

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). Objections to a report must specifically identify portions of the report and the basis for those objections. FED. R. CIV. P. 72(b); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, the District Court need not consider frivolous, conclusory, or general objections. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), overruled on other grounds by *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

### A. DEFENDANT VOX

Plaintiff objects to the Report's finding that the Court lacks personal jurisdiction over Vox on the basis that Vox (1) has "adequate circulation" of its publication of Vox Articles in Texas under *Keeton v. Hustler Magazine*, 465 U.S. 770, 774 (1984), and (2) has an office and nineteen employees located in Texas. *See* (Dkt. #255 at pp. 1–2). In response, Vox argues neither its publication of Vox Articles on a public website nor its office and employees located in Texas support a finding of personal jurisdiction. *See* (Dkt. #265 at p. 2).

3

### 1. **Adequate Circulation in Texas**

Plaintiff contends Vox's online publication of Vox Articles satisfies the "adequate circulation" test set forth in *Keeton* because Vox is a national online publisher that targets readers in every state. *See* (Dkt. #255 at p. 3).

In the Report, the Magistrate Judge analyzed whether the Court has personal jurisdiction over Vox pursuant to *Keeton*:

> Courts may exercise specific jurisdiction over a nonresident defendant in a libel suit when the allegedly libelous publication has adequate circulation within the forum state under *Keeton v. Hustler Magazine*. In *Keeton*, the Supreme Court held that jurisdiction was proper in New Hampshire over a defendant magazine that published an allegedly libelous article nationally because the defendant magazine had "continuously and deliberately exploited the New Hampshire market," and thus, "must reasonably anticipate being haled into court there in a libel action based on the contents of its magazine." *Keeton*, 465 U.S. at 781.
> . . .
> Plaintiff likewise argues that specific jurisdiction is proper because Vox took advantage of the Texas market, and thus, this case is similar to *Keeton v. Hustler Magazine, Inc.* Dkt. 226 at 7. The Fifth Circuit has distinguished between the publication of magazines and rendering an article accessible online. *See Revell*, 317 F.3d at 475 ("[M]ore than simply making the news article accessible to [residents of the forum state] by defendants' posting of the article on their internet sites was needed for assertion of jurisdiction: 'The [defendants] must, through the Internet postings, manifest an intent to target and focus on [forum state] readers.'") (quoting *Young v. New Haven Advocate*, 315 F.3d 256, 262 (4th Cir. 2002)). Further, Vox provided undisputed evidence to the Court that approximately six percent of the views on Coaston's articles came from Texas users, which is disproportionately less than Texas' percentage of the total population of the country. *See* Dkt. 221-4 at 2; Dkt. 226 at 7. Mere online availability of the articles in Texas does not subject Vox to specific jurisdiction in Texas when, pursuant to *Calder*, the articles themselves do not focus on Texas. *See Revell*, 317 F.3d at 475; *Clemens*, 615 F.3d at 379–80; *Fielding*, 415 F.3d at 425.

(Dkt. #253 at pp. 23–25).

Plaintiff has failed to provide the Court with a single case in which an online publication supported a finding of specific jurisdiction when the published article at issue is not targeted at the forum state. Instead, Plaintiff cites to a single case from the Western District of Virginia for the

4

proposition that internet publications accessible within a forum state should be treated the same as magazines and newspapers physically distributed within the state. *See* (Dkt. #255 at p. 4) (citing *Gilmore v. Jones*, Case No. 3:18-CV-00017, 2019 WL 4417490, at *6 (W.D. Va. Sept. 16, 2019)). However, the decision in *Gilmore* is limited to "Internet publishers with a national focus, *who nonetheless target forum states with state-specific coverage*." *Gilmore*, 2019 WL 4417490, at *6 (emphasis added).

As noted above, Plaintiff does not challenge the Report's finding that the allegedly defamatory articles posted by Vox do not focus on Texas activity under *Calder v. Jones*, 465 U.S. 783 (1984). As the Report makes clear, the Fifth Circuit has distinguished between online publications and those deliberately circulated within a forum state. *See Revell v. Lidov*, 317 F.3d 467, 475 (5th Cir. 2002) (finding that the court lacked jurisdiction over the out-of-state defendant because publication of allegedly defamatory statements on a nationally available internet site was not expressly aimed at the forum state). Further, the Fifth Circuit has consistently held that a district court lacks specific jurisdiction over defendants who publish defamatory content on national websites when the content in question fails the "subject and sources test" under *Calder*. For example, in *Clemens v. McNamee*, the Fifth Circuit held that the district court lacked personal jurisdiction over a defendant who published allegedly defamatory statements on SI.com, a website with a national following, because the statements did not concern forum state activity, were not made in the forum state, and were not directed at residents of the forum state more than any other state. *See Clemens v. McNamee*, 615 F.3d 374, 377, 380 (5th Cir. 2010). The Fifth Circuit similarly held there was no personal jurisdiction in *Herman v. Cataphora, Inc.*, where, on a nationally accessible website, the publication of allegedly defamatory statements did not focus on the forum state. *See Herman v. Cataphora, Inc*. 730 F.3d 460, 465 (5th Cir. 2013). Thus, mere online

5

publication of allegedly defamatory statements does not satisfy the "adequate circulation" test under *Keeton*.

Additionally, the Supreme Court appears to support a distinction between physical distribution (that is, newspaper and magazine distribution) and online publication. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) (referring to *Keeton* when discussing a "physical entry into the State"). Based on the foregoing, the Magistrate Judge correctly concluded that, under Fifth Circuit precedent and *Keeton*, Vox's publications are not circulated within the state of Texas in a manner that supports a finding of specific jurisdiction by this Court.

### 2. Office and Employees Located in Texas

Plaintiff also argues the Court has jurisdiction over Vox because Vox "continuously and deliberately exploited" the Texas market by operating a Texas office and employing nineteen employees in Austin, Texas. *See* (Dkt. #255 at p. 5). As noted in the Report, Plaintiff conceded that the Court lacks general jurisdiction over Vox, and the Magistrate Judge independently concluded that, even absent Plaintiff's concession, the Court lacks general jurisdiction. *See* (Dkt. #253 at pp. 3, 8). Plaintiff does not object to the Report's finding that Vox's Texas office and Texas employees do not establish general jurisdiction over Vox within the state of Texas. Instead, Plaintiff argues that Vox's office and employees in Texas support a finding of specific jurisdiction. *See* (Dkt. #255 at p. 5).

The Supreme Court has made clear that doing business within a state is no longer a sufficient basis for personal jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 138 n.18 (2014) (stating that cases which "upheld the exercise of general jurisdiction based on the presence of a local office" because an office "signaled that the corporation was 'doing business' in the forum," "should not attract heavy reliance" because such cases were "decided in the era dominated

6

by *Pennoyer*'s territorial thinking"). Instead, in order for a forum to assert specific jurisdiction over an out-of-state defendant, the defendant must have "purposefully directed" its activities at residents of the forum and the litigation must result "from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

Plaintiff cites to *Edwards v. Associated Press*, a Fifth Circuit case from 1975, in arguing that Vox's Texas employees and office support a finding of personal jurisdiction over Vox. *See Edwards v. Associated Press*, 512 F.2d 258 (5th Cir. 1975). Notably, *Edwards* predates Supreme Court and Fifth Circuit precedent requiring a plaintiff's cause of action to arise out of or relate to a defendant's forum state contacts in order for a court to assert specific jurisdiction over the out-of-state defendant. *See Burger King*, 471 U.S. at 472; *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008).

Plaintiff also quotes extensively from *TV Azteca v. Ruiz*, 490 S.W.3d 29 (Tex. 2016), in support of his argument in favor of specific jurisdiction over Vox. *See* (Dkt. #255 at 7–8). As recognized in the Report and by Plaintiff in the Objections, this Court is bound by Fifth Circuit precedent, not Texas Supreme Court decisions. Even if the Court were to consider Texas Supreme Court decisions, *TV Azteca* does not conflict with the Report's analysis. *TV Azteca* concerned a television broadcast from Mexico that was received in Texas and other border states, and the Texas Supreme Court specifically stated that availability of a broadcast in a forum state is not enough to establish specific jurisdiction. *See TV Azteca,* 490 S.W.3d at 45 ("We agree with Petitioners that the mere fact that the signals through which they broadcast their programs in Mexico travel into Texas is insufficient to support specific jurisdiction because that fact does not establish that Petitioners purposefully directed their activities at Texas."). Additionally, the Texas Supreme

7

Court expressly noted that it was not deciding how Texas courts should determine specific jurisdiction in online defamation cases. *Id.* at 44 n.8 ("While we acknowledge that the two types of media may share similarities, this case does not present an Internet-based jurisdictional issue, so any discussion of that issue would be advisory.").

The Report found, and Plaintiff does not dispute, that none of Vox's Texas employees worked on the articles at issue in this suit. *See* (Dkt. #253 at p. 3). Thus, Vox's Texas office and Texas employees are not relevant to the Court's determination of specific jurisdiction. Accordingly, Plaintiff's objection regarding jurisdiction over Vox is **OVERRULED**.

### B. DEFENDANT COOPER

Plaintiff objects to the Report's finding that the Court lacks personal jurisdiction over Cooper on the grounds that Cooper "is a business entity in his own right" and regularly conducts business in Texas. *See* (Dkt. #255 at p. 2). In response, Cooper argues his contacts with Texas do not support a finding of general or specific personal jurisdiction. *See* (Dkt. #264 at pp. 2–3).

In the Report, the Magistrate Judge noted Plaintiff's concession that the Court lacks general jurisdiction over Cooper. *See* (Dkt. #253 at p. 7). Plaintiff does not object to the Report's finding that the Court lacks general jurisdiction over Cooper. The Report concluded that, even without Plaintiff's concession, Cooper's limited and infrequent business contacts with Texas do not amount to "systematic and continuous" contacts such that general jurisdiction is proper over Cooper. *See* (Dkt. #253 at p. 7).

In addressing Cooper's alleged financial interest in Texas, the Report states:

Plaintiff argues that Cooper "has a vested financial interest in expanding the reach of *Anderson Cooper 360* into all fifty states, including Texas," and "the harm he caused [] Plaintiff is directly related to the fact that his program . . . deliberately reaches the Texas market." Dkt. 228 at 7–8. However, Plaintiff does not allege that Cooper targeted Texas more than any other state under the *Calder* analysis. Plaintiff appears to argue that specific jurisdiction is proper over Cooper under *Keeton v.*

8

> *Hustler Magazine*, due to his status as a producer for *Anderson Cooper 360*. *See* Dkt. 228 at 7–8. The Supreme Court in *Keeton* made clear that its analysis did not apply to individual employees. *See Keeton*, 465 U.S. at 781 n.13 (noting that "each defendant's contacts with the forum State must be assessed individually" and a finding of jurisdiction over the defendant magazine did not lead to an automatic finding of jurisdiction over the individual defendant who was the magazine's publisher, editor, and owner). Other jurisdictions have found that a plaintiff must allege more than just that a defendant hosts a national broadcast or manages a national broadcasting company in order for a court to have specific jurisdiction under *Keeton*. *See Norman v. B.E.T. Television*, Case No. 2:16-CV-113 RLM, 2016 WL 3881184, at *3–4 (N.D. Ind. July 18, 2016) (holding that the court lacked jurisdiction over the defendant who was a host of a "nationally syndicated talk show" and the defendant who was the president of programming for B.E.T). Therefore, the Court declines to apply *Keeton*'s test for jurisdiction to Cooper's contacts, as pled here.

(Dkt. #253 at pp. 23–24).

Plaintiff's lone objection is that Cooper should be treated as a business that deliberately exploits the Texas market, instead of a managerial employee. *See* (Dkt. #255 at p. 9). However, as stated in the Report, the Supreme Court made clear in *Keeton* that individual defendants—even owners of and those heavily involved in a business—are not the same as the business they are associated with for jurisdictional purposes. *See Keeton*, 465 U.S. at 781 n.13. As stated above, merely doing business in a forum is not enough to establish general jurisdiction, *see Daimler AG*, 571 U.S. at 138 n.18, and the only forum-state contacts relevant to the specific jurisdiction analysis are those contacts that relate to Plaintiff's cause of action. *See Burger King*, 471 U.S. at 472.

The limited contacts Plaintiff alleges Cooper has with Texas are all unrelated to Plaintiff's suit, as Cooper states in his declaration that he came to Texas briefly for live performances with Andy Cohen and as a conference speaker, all of which had no connection to Plaintiff or the allegations in this suit. *See* (Dkt. #220-3). Thus, these contacts are wholly irrelevant to the Court's determination of specific jurisdiction. *See Burger King*, 471 U.S. at 472. Plaintiff's argument that Cooper's business interests establish personal jurisdiction in Texas is, therefore, unavailing.

Plaintiff additionally argues that *Norman v. B.E.T. Television*, cited in the Report, is distinguishable because the defendant in *Norman* stated in her declaration that she never directed, targeted, or focused any marketing activities into the forum state. Plaintiff argues Cooper, similarly, did not dispute Plaintiff's allegation that Cooper sought to expand his business into Texas. *See id.* Plaintiff is incorrect; Cooper stated in two separate declarations that he does not regularly transact business in Texas and his only business appearances in Texas were limited and wholly unrelated to the business matters in this case. *See* (Dkt. #220-1; Dkt. #220-2). Thus, Plaintiff's objection regarding jurisdiction over Cooper is **OVERRULED**.

### III.    CONCLUSION

Accordingly, CNN Individual Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint for Lack of Personal Jurisdiction (Dkt. #220) and Vox Defendants' Motion to Dismiss Third Amended Complaint for Lack of Personal Jurisdiction (Dkt. #221) are hereby **GRANTED.**

As the Court lacks personal jurisdiction over CNN Individual Defendants and Vox Defendants, Plaintiff's claims against CNN Individual Defendants and Vox Defendants are **DISMISSED**.

The Clerk is directed to terminate Defendants Anderson Cooper, Gary Tuchman, Kayvon Oliver Darcy, Tom Kludts, Vox Media, Inc. and Jane Coaston as parties to this case.

**IT IS SO ORDERED.**
**SIGNED this 28th day of September, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2020, copy of the above and foregoing has been filed electronically with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Elizabeth Baldridge*
Elizabeth Baldridge