IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:20-cv-00179 |
| THEHUFFINGTONPOST.COM, INC.,, | ) ) **JURY DEMANDED** |
| Defendant. | ) ) ) |

**RESPONSE TO DEFENDANT'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
FOR LACK OF PERSONAL JURISDICTION**

Plaintiff Charles Johnson ("Johnson" or "Plaintiff") hereby responds to Defendant TheHuffingtonPost.com, Inc.'s ("HuffPost" or "Defendant") Second Notice of Supplemental Authority in Support of Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction ("Second Supp. Brief", Doc. 43) and would respectfully show the Court as follows:

**ARGUMENT AND AUTHORITIES**

In the Second Supp. Brief, Defendant re-urges its arguments in its Original Notice of Supplemental Authority [Doc. 41] opinion issued by the United States District Court for the Eastern District of Texas in now-affirmed by the district judge case of *Butowsky v. Gottlieb*, Case No. 4:19-CV-00180-ALM-KPJ (E.D. Tex. Sept. 28, 2020) as alleged helpful case law in support of its argument for dismissal in this case on grounds of personal jurisdiction. *See* Doc. 43-A. However, as stated previously, the case is not helpful to Defendant the affirmation of the magistrate ruling by the district

1

judge does nothing to change that.

In the now-affirmed *Butowsky* opinion, the court analyzed whether the website *Vox.com* ("*Vox*") could be hailed into a Texas court for defaming a Texas resident solely based on the fact that *Vox* was accessible in Texas. See Doc. 43-A at pp. 3-8. However, the *Butowsky* affirmation opinion only addressed two jurisdictional theories raised by the plaintiff—the "adequate circulation test" and the presence of an office and employees in Texas—which are not in play here. *See id.* The court rejected the "adequate circulation argument" because that test only applies to physical copies of a publication (such as print magazines or newspapers) being circulated in the forum state. *See id* at pp. 4-6. ("the Supreme Court appears to support a distinction between physical distribution (that is, newspaper and magazine distribution) and online publication"). The other arguments concerning physical presence in the state were rejected because the lawsuit did not arise from the employees or offices in the state. *See id.* at pp. 6-8 ("Vox's Texas office and Texas employees are not relevant to the Court's determination of specific jurisdiction.").

As such, *Butowsky* is of no help to Defendant because this case is a *Zippo* case where the level of website interactivity dictates whether the online Article at issue can give rise to the specific jurisdiction in Texas. In the Second Supp. Brief, Defendant makes passing reference to this reality by citing to *Revell v. Lidov*, 317 F.3d 467 (5th Cir. 2002), which is a *Zippo* case. But, once more, *Revell's* rationale clearly mitigates in favor of a finding of jurisdiction in this case. First, *Revell* recognizes that *Zippo* was conceived as a test for specific jurisdiction. *See id.* at 471 ("*Zippo's* scale does more work with specific jurisdiction—the context in which it was originally conceived."). This is important because in Defendant's Reply in Support of its Motion, Defendant incorrectly argued to the Court that the "Fifth Circuit has adopted the *Zippo* standard to analyze *general* jurisdiction, not specific jurisdiction[.]" Doc. 38 at p. 4.

Second, *Revell* holds that where a website specifically targets a forum state through the

webpage in question, jurisdiction can lie. *See Revell*, 317 F.3d 475-76. However, in that case, the alleged defamatory publication was published on a bulletin board with a "low-level of interactivity". *See id.* at 476. It was the bulletin board section of Columbia University's School of Journalism where users could upload their own publications. *See id.* at 469. Because the defamation cause of action arose out of "maintenance of the internet bulletin board" the court did not consider pages of the Columbia website that involved solicitations of subscriptions to a journal published by Columbia. *See id.* at 472.

This case is completely different. The webpage hosting the Article (https://www.huffpost.com/entry/gop-reps-host-chuck-johnson-holocaust-denying-white-nationalist_n_5c40944be4b0a8dbe16e670a?guccounter=1) appears amidst the backdrop of all of the evidence submitted by Plaintiff in response to the Motion (*see generally* Doc. 32-1-A, B, C, and D). Thus, all of the advertisements, solicitations, and the online store appear on the ***same page*** as the Article itself. Therefore, there is no question that this case arises from the specific interactive and commercial internet activity. The same page(s) where Defendant solicits subscriptions, seeks to sell merchandise, and advertises specifically to Texas (*see, e.g.,* Doc. 32-1-C) is where it defamed Plaintiff. Jurisdiction is thus proper under *Zippo* and *Revell*.

## CONCLUSION

For all of these reasons and as briefed in his prior Responses, Plaintiff requests that that Court deny the Motion. In the alternative, Plaintiff requests leave to conduct jurisdictional discovery to discover the extent of Defendant's sales of subscriptions, advertising, goods and services to Texas residents and/or targeted at Texas residents through its Website.

CAMARA & SIBLEY LLP

/s/ Joseph D. Sibley
Joseph D. Sibley

3

>State Bar No. 24047203
>sibley@camarasibley.com
>Camara & Sibley LLP
>4400 Post Oak Pkwy.
>Suite 2700
>Houston, Texas 77027
>Telephone: (713) 966-6789
>Fax: (713) 583-1131

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been filed on this 14th day of October, 2020, pursuant to the electronic filing requirements of the United States District Court for the Southern District of Texas, which provide for service on counsel of record in accordance with the electronic filing protocols in place.

>*/s/ Joseph D. Sibley*
>Joseph D. Sibley