United States District Court
Southern District of Texas
**ENTERED**
December 18, 2020
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| **CHARLES JOHNSON** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:20-CV-0179** |
| | § | |
| **VERIZON CMP HOLDINGS, LLC,** | § | |
| *et al.* | § | |
| | § | |
| **Defendants.** | § | |

## O R D E R

Pending before the Court is Defendant TheHuffingtonPost.com, Inc.'s Motions to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim. **(Instruments No. 32; No. 33)**.

On or about January 17, 2019, the TheHuffingtonPost.com published an article (the "Article") that reported a meeting that took place on January 15, 2019, in Washington, D.C., between Plaintiff Charles Johnson ("Plaintiff") and U.S. Representatives Andy Harris of Maryland and Phil Roe of Tennessee. (Instruments No. 32 at 6; No. 33-1 at 5). The Article discusses the U.S. House of Representatives' unanimous vote to condemn white supremacy and contains comments it alleges Plaintiff made. (Instrument No. 33-1 at 5-8). On April 9, 2020, Plaintiff filed a First Amended Complaint against TheHuffingtonPost.com for libel. (Instrument No. 25 at 7). On April 23, 2020, TheHuffingtonPost.com filed its Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for Failure to State a Claim. (Instruments No. 32; No. 33).

TheHuffingtonPost.com moves to dismiss based on lack of general and specific personal jurisdiction. (Instrument No. 32 at 7, 14). Plaintiff concedes there is no general jurisdiction. (Instrument No. 36 at 2). Thus, the Court evaluates whether there is specific jurisdiction.

Plaintiff asserts that the Court has specific jurisdiction because the Defendant made requisite contacts through its website, which allows Texas residents to make purchases. (Instrument No. 36 at 7-9). TheHuffingtonPost.com contends there is no specific jurisdiction because the Article's author was unaware that the Plaintiff was a Texas resident and the Article did not mention Texas or rely on any sources in Texas. (Instrument No. 32 at 13-14).

A plaintiff need only present prima facie evidence to establish personal jurisdiction over a non-resident defendant. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Specific jurisdiction is based on activities that arise out of or relate to the cause of action and can exist even if the defendant's contacts are not continuous or systematic. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). A plaintiff seeking to assert specific personal jurisdiction over a non-resident defendant in a defamation case must show that: (1) the subject matter of and (2) the sources relied upon for the article were in the forum state. *Clemens v. McNamee*, 615 F.3d 374, 376, 380 (5th Cir. 2010) (citing to *Calder v. Jones*, 465 U.S. 783(1984); *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419 (5th Cir. 2005); *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002)).

Here, the Article contains no reference to Texas and does not refer to the Plaintiff's Texas activities, residence, or work. (Instrument No. 33-1 at 5-8). Plaintiff has not alleged that the Article drew upon Texas sources, and the Court has not found that the Article has done so. Additionally, there is no evidence that the Article was directed at Texas residents more than residents from other states. (Instrument No. 36). The Court finds that Texas was neither the subject matter of the Article nor the supplier of sources for the Article. (Instrument No. 33-1 at 5-8). Thus, the Court further finds that Plaintiff cannot establish his burden and there is no specific jurisdiction. Therefore, the Court lacks personal jurisdiction over the Defendant. Because the Court finds that it lacks personal jurisdiction, it need not address whether the Plaintiff has sufficiently pled his claim.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED** and Defendant's Motion for Failure to State a Claim is **DENIED as moot**. **(Instruments No. 32; No. 33)**.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the 18th day of December, 2020, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**